# IN THE COURT OF APPEALS OF IOWA

No. 17-0387
Filed October 24, 2018

**JAMIE LEE COLE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Delaware County, Bradley J. Harris,

Judge.


        Appeal from the denial of an application for postconviction relief filed

pursuant to Iowa Code chapter 822 (2015). **AFFIRMED.**


        Thomas M. McIntee, Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee State.


        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

This case arises out of Jamie Cole's challenge to his conviction and sentence for operating while intoxicated, third offense, in violation of Iowa Code section 321J.2 (2015). In his application for postconviction relief, Cole requested the district court order the Iowa Department of Corrections to place him in a rehabilitation facility rather than prison. In the alternative, Cole requested his guilty plea and conviction be vacated and he be allowed to plead anew. Following a trial on the merits of the postconviction application, in which Cole represented himself, the district court denied Cole's application for postconviction relief. Cole timely filed this appeal.

By way of background, in March 2015, Cole was charged with operating while intoxicated, third offense, in Delaware County. As part of a plea agreement, Cole pleaded guilty to the charge, and the State agreed to dismiss other counts. In addition, the parties agreed Cole would be placed in a chapter 321J rehabilitation program rather than prison. The district court agreed to be bound by the parties' plea agreement. The sentencing order was in accord with the parties' agreement. It provided Cole was committed to the "custody of the Director of the Iowa Department of Corrections for placement in the 321J Program at West Union, administered by the First Judicial District Department of Correctional Services."

At the time Cole pleaded guilty to the Delaware County charge, he also had pending a charge in Buchanan County for operating while intoxicated. At the time of his plea and sentencing in the Delaware County case, the district court asked Cole whether he understood the court could not control the sentence in the Buchanan County case:

THE COURT: And do you understand that I can't make any guarantees that you'll receive the same sentence or consecutive or concurrent sentence in Buchanan County? I have no control over that.

THE DEFENDANT: Yes, Your Honor.

In April 2015, Cole pleaded guilty to operating while intoxicated, third offense, in Buchanan County. The sentence in that case did not require or prohibit his entry into the 321J rehabilitation program.

Following his plea and sentencing in the Buchanan County case, Cole remained in jail while the department of corrections reviewed his application for admission into the rehabilitation program. During that time, Cole indecently exposed himself to one correctional officer and acted aggressively toward another. Cole was charged with and convicted of indecent exposure because of this conduct. Shortly after, the department of corrections denied Cole's application for the rehabilitation program, citing his recent violent actions and conviction for indecent exposure. Cole was then committed to the custody of the department of corrections and placed in prison.

Cole filed this application for postconviction relief challenging only his Delaware County conviction. He contends the district court should have ordered the department of corrections to place him in the rehabilitation facility. In the alternative, he contends the district court should have vacated his guilty plea and conviction. Our review is for the correction of errors at law. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). The court will affirm the lower court if "the law was correctly applied" and there was substantial evidence supporting findings of fact. *Id.* (quoting *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003)).

We cannot conclude the district court committed legal error in denying the application for postconviction relief. Cole pleaded guilty to operating while intoxicated, third offense, in Delaware County. In that case, he received the sentence for which he bargained. At the time of the plea and sentencing in Delaware County, Cole stated he understood the district court could not control what occurred in the Buchanan County case. After pleading guilty to operating while intoxicated in Buchanan County, Cole was convicted of indecent exposure. It was this additional offense conduct that precluded Cole from being placed in the rehabilitation program. It was Cole's conduct that precluded the execution of his bargained-for sentence. As the district court noted, "The fact that applicant has been confined pursuant to the terms of his sentences in other cases does not affect the validity, constitutionality or the legality of the sentence which is the subject of this action." We agree. There is no legal reason to vacate his plea, conviction, or sentence in the Delaware County case.

For the first time on appeal, Cole contends his plea counsel provided constitutionally deficient representation in allowing Cole to plead guilty without first explaining it might be possible Cole would not be placed in the rehabilitation program. This claim was not raised in Cole's application for postconviction relief. The error was not preserved for appellate review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Cole appears to claim his postconviction counsel was ineffective in failing to assert a claim that his plea counsel was ineffective for not explaining it might be

possible Cole would not be placed in the rehabilitation program. Cole also asserts his postconviction counsel was ineffective in failing to subpoena Cole's plea counsel to testify at the postconviction trial. These claims are without merit. Cole moved to represent himself in this civil proceeding. The district court granted Cole's request after Cole filed a disciplinary complaint against his postconviction counsel. An applicant cannot prevail on a claim of ineffective assistance when representing oneself. *See State v. Hutchison*, 341 N.W.2d 33, 42 (Iowa 1983) ("[T]he defendant cannot knowingly and intelligently make an election to proceed pro se and then, having lost his trial on the merits, seek a reversal on appeal by claiming ineffective assistance of counsel.").

Finally, Cole contends the postconviction court failed to make necessary findings and conclusions in ruling on his application. When ruling on an application for postconviction relief "[t]he court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." Iowa Code § 822.7. "[S]ubstantial compliance is sufficient." *Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006).

We conclude the district court substantially complied with the rule. In the order denying Cole's application for PCR, the court listed the issues that Cole raised:

> A. A conviction or sentence was in violation of the constitution of the United States or the constitution and laws of this state.
> B. The court was without jurisdiction to impose sentence.[1]

---

[1] The Court's order skips from B to D.

D. There exists evidence of material facts, not previously presented or heard, that require vacation of the conviction or sentence in the interests of justice.

E. Applicant's probation, parole or conditional release has been unlawfully revoked.

F. Applicant is otherwise unlawfully held in custody or other restraint.

The court concluded that Cole "failed to provide any evidence of any of the grounds alleged to allow the court to grant him the requested relief." Nothing more was required of the court.

**AFFIRMED.**