# IN THE COURT OF APPEALS OF IOWA

No. 18-0839
Filed March 20, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ERIN MACKE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly, District Associate Judge.

Erin Macke appeals the judgement and sentence entered following her plea to four counts of child endangerment. **AFFIRMED.**

Angela L. Campbell of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Erin Macke appeals her convictions and sentences for four counts of child endangerment. She contends that the State breached the parties' plea agreement and her attorney was ineffective in failing to object to the breach. Macke also urges this court to adopt the plain-error doctrine. Because the record is insufficient to resolve Macke's ineffective-assistance-of-counsel claim on the merits, we affirm her convictions and preserve the issue of ineffective assistance of counsel for potential postconviction-relief proceedings.

### I. Background Facts and Proceedings.

The State charged Macke with four counts of child endangerment, in violation of Iowa Code section 726.6(1)(a) (2017), and one count of transfer of a pistol or revolver to a person under twenty-one, first offense, in violation of Iowa Code section 724.22(2). Macke filed a "Petition to Plead Guilty (Alford)."[1] The petition states: "The plea agreement is <u>Alford plea to Counts 1-4 of TI; joint Recommendation of Deferred Judgment and Probation. State will dismiss Ct 5.</u>" (Underlining in original). Macke and her attorney both signed the petition. Although the prosecutor did not sign the petition, nothing in the record shows the State objected to the petition's statement that the recommendation of deferred judgement would be joint.

At the plea hearing, Macke's attorney described the plea agreement to the court as follows:

---

[1] An *Alford* plea is a variation of a guilty plea; a defendant, while maintaining innocence, acknowledges that the State has enough evidence to win a conviction, and consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

> [DEFENSE COUNSEL]: . . . Your Honor, a substantial [benefit] is being received by Ms. Macke in this case. That substantial benefit being dismissal of . . . Count V, the gun charge, in this case, as well as the . . . joint recommendation of a deferred judgment to the charges.
>
> THE COURT: And regarding the likelihood of conviction?
>
> [DEFENSE COUNSEL]: Your Honor, in regards to the likelihood of conviction, and based on the information provided in the trial information, we believe that, if tried, there is a substantial risk of conviction, at least to the four counts of child endangerment, should a jury hear that case. In addition, Your Honor, as an option of not trying to take the children through this avenue, we have also decided to ask the Court to accept a guilty plea.
>
> THE COURT: So that is one of the benefits as well as the dropping of the fifth count.
>
> [DEFENSE COUNSEL]: Correct, Your Honor.
>
> THE COURT: The Court has now reviewed the minutes of testimony, and I do find that it's substantially likely that if this matter went to trial before a jury that the defendant would be found guilty of the four counts of child endangerment. I accept the plea pursuant to *North Carolina vs. Alford.* . . . The discussion between your counsel and the State's attorney was regarding whether the Court would order a presentence investigation report. All parties agree that is warranted in this case, and I will order that you submit to a presentence investigation.

The court did not ask the prosecutor if defense counsel accurately described the plea agreement nor did the prosecutor offer her opinion on the matter.

The court followed up with a written order. With regard to sentencing recommendations, the order describes the plea agreement as follows:

> Barring any new criminal activity or violation of this order, at sentencing the parties will recommend: ***The Defendant will ask for a deferred judgement and probation. The State reserves its recommendations until it has an opportunity to review the PSI.*** The State will recommend dismissal of ***Count V.*** On any new criminal charge or violation of this order, established by a preponderance of evidence, the State is not bound by this agreement.

(Emphasis in original). Neither party objected to the sentencing recommendations as set out in the court's order.

At the sentencing hearing, when asked to state the State's position regarding the sentence, the prosecutor responded:

> Our position is that the defendant should receive a suspended sentence and probation, that as a condition of probation, and in accordance with what the PSI sets out, she should have whatever therapy and/or counseling is available to her through the Department of Corrections, and that she'd agree to do—at least with the children in Cedar Rapids, that she and her ex-husband in Cedar Rapids have agreed to counseling for these children in a setting that would be best for them. But I think she needs counseling too. Her behavior was immature and reckless.
>
> The State has agreed to dismiss Count V.
>
> So, Your Honor, we're asking that she receive a suspended sentence and probation. I'm not arguing for consecutive sentences, Your Honor. I think it's okay for these counts to run concurrently. But to do something less than place her on probation and give a suspended sentence, I think, would diminish the nature of this crime.

Immediately after the prosecutor finished reciting the State's sentencing recommendation, defense counsel asked for a break. The sentencing resumed one minute later without any objection to the State's recommendation. After the victim impact statements were presented, defense counsel presented Macke's position regarding sentencing as follows:

> [W]e are standing here asking the Court for a deferred judgment, and it would be a fair assessment if the Court would be able to grant that.
>
> The drama that has surrounded this case, as fanned by the fathers in this case, has created a situation where the Court is placed in a very odd position. If we look at the bare facts, if we look at the PSI, which fairly lays out those facts as well, simply put, Ms. Macke made a mistake. We ask the Court to allow her to rectify that.
>
> In an effort not to drag the kids through this process, she has not done anything in the context of this case to exacerbate the problem. And despite their suggestions through these victim impact statements that she is the unfettered and untethered person that they suggest, other than the statement, there was no evidence to provide to this Court recordings that would indicate that she has been as untethered as they suggest.
>
> Your Honor, we're asking the Court to grant a deferred judgment. This is Ms. Macke's only criminal appearance. She's a

professional. She works. She's done a very good job keeping the kids out of this process.

And I think as the court in the matter in Linn County adequately pointed out, there's some real concerns if the Court doesn't modify the no-contact order that at least Mr. Macke, and possibly Mr. McQuary, would be using that no-contact order as a weapon against the children to cut them out of their mother's life.

I don't think anybody would be advocating that that is a good outcome for these kids. And if the concerns of the fathers are genuine, let's take care of the kids, then they should be advocating for contact and advocating for counseling, as it appears that Mr. Macke did in the Linn County case.

With that said, Your Honor, I have nothing further.

After Macke's allocution, the court asked if she was requesting a deferred judgment, to which Macke responded, "Yes, ma'am." The court then stated its sentencing decision as follows:

[T]he Court concludes that a deferred judgment is not appropriate in this circumstance. I'll speak to the reasons for that specifically.

And I was just reviewing again the victim statement that she filed on the presentence investigation report. I rarely give deferred judgments when there's been an *Alford* plea. I believe that an *Alford* plea was a vehicle that was agreeable based on both the prosecutor and the defense attorney's representation to me that it was appropriate under the circumstances.

I accept that both the prosecution and defense and the victims in this circumstance that made statements were trying to avoid having the children drug through additional proceedings, and that's appreciated. But it's still an *Alford* plea, and there's a certain acceptance of responsibility when someone is willing to stand in front of the Court and specifically outline what they did that they're pleading guilty to, and that did not occur in this circumstance.

The enhancing factor in this case . . . is that there was a gun. It was unloaded, but it was certainly accessible by the four children, particularly the two older children. They knew about it. There was a magazine or ammunition right there by it, and to leave children with that type of gun in the house is an enhancing factor. And I don't understand that Ms. Macke has ever really accepted the possibility of what kind of specific danger this could add to the circumstances.

I do note there's mitigation. I believe that the judge that heard the original case to the two younger children and decided just ten days ago made some findings of fact that would certainly mitigate some of . . . what I believe has been publicized, although I certainly have not heard most of it. The children did have care arranged past

the period of time when they were picked up. It was basically a 48-hour period. Again, . . . it does minimize the total circumstances of what their mother did. It does not minimize the danger to them.

With that, I will follow the State's recommendation in this circumstance and sentence you to two years in prison on each count, make those sentences concurrent with each other, and place you on probation.

The court filed a sentencing order memorializing its decision to suspend the sentence as stated above. Macke filed a timely notice of appeal.

## II. Scope and Standards of Review.

On appeal, Macke contends her trial counsel was ineffective by failing to object to the State's recommendation at the sentencing hearing for a suspended sentence instead of a deferred judgement, as it constituted a breach of the parties' plea agreement. Claims of ineffective assistance of counsel are reviewed de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). In addition, "[w]e review de novo claims of ineffective assistance of counsel arising from the failure to object to the alleged breach of a plea agreement." *State v. Lopez*, 872 N.W.2d 159, 168 (Iowa 2015).

## III. Ineffective Assistance of Counsel.

A claim of ineffective assistance of counsel in a criminal case "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes." Iowa Code § 814.7(1). Generally, ineffective-assistance-of-counsel claims are preserved for postconviction-relief proceedings, unless the record is sufficient to address the claim on direct appeal. *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). The trial record alone is rarely sufficient to resolve claims of ineffective assistance of counsel on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We often prefer to preserve such claims for

postconviction-relief proceedings in order to develop a record of the trial counsel's performance. *Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981). Indeed, lawyers, just like any other accused, are entitled to their day in court, especially when their professional reputation is at stake. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). For the reasons that follow, we deem the record insufficient and preserve Macke's claim for potential postconviction-relief proceedings.

In order to establish a claim of ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence: (1) counsel failed to perform an essential duty; and (2) prejudice resulted. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). If a defendant is unable to prove either prong, the ineffective-assistance-of-counsel claim will be defeated. *State v. Scalise*, 660 N.W.2d 58, 62 (Iowa 2003). It is well established law that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration [for the plea], such promise must be fulfilled." *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999) (alteration in original) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). "The State's promise to make a sentencing recommendation . . . [carries] with it the implicit obligation to refrain from suggesting more severe sentencing alternatives." *Id.* at 299.

Macke claims that her attorney was ineffective by failing to object to the State's recommendation for a suspended sentence instead of a deferred judgement, as the State's recommendation at sentencing was a breach of the parties' plea agreement. The record is unclear as to just what the agreement was. On the one hand, the written "Petition to Plead Guilty (Alford)" provides both parties would recommend a deferred judgment. Although the State did not sign the

petition, it made no objection to the petition prior to or during the plea hearing. Nor did the State object when defense counsel represented to the court at the plea hearing that both parties would recommend a deferred judgment. On the other hand, defense counsel did not object at any time to the court's written order accepting the plea that stated the State reserved its recommendation until it had the opportunity to review the presentence investigation report (PSI). Nor did defense counsel object when, at the sentencing hearing, the State recommended a suspended sentence.

It is likewise unclear from the record if the parties ever discussed and mutually agreed to any version of the plea agreement or if the agreement simply changed over time. While the parties had ample opportunity to alert the court that the agreement was misrepresented, neither party raised those concerns or objected when the agreement differed from their understanding of it. Because we conclude that the record before us is insufficient to determine the actual agreement between the parties, we must affirm Macke's convictions and preserve the issue of ineffective assistance of counsel for future postconviction-relief proceedings. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it."); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (requiring the court to preserve a the claim for a postconviction-relief proceedings if it cannot be addressed on appeal).

### IV. Plain-Error Doctrine.

On appeal, Macke also urges this court to adopt the plain-error doctrine.[2] Although Iowa is one of only two states that have not adopted the plain-error doctrine, our supreme court has repeatedly and expressly declined to adopt it. *See, e.g.*, *State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016), *In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003); *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("We do not subscribe to the plain error rule in Iowa, have been persistent and resolute in rejecting it, and are not at all inclined to yield on the point."); *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) ("[W]e do not recognize a "plain error" rule which allows appellate review of constitutional challenges not preserved at the district court level in a proper and timely manner."); *State v. Johnson*, 476 N.W.2d 330, 333 (Iowa 1991); *State v. Miles*, 344 N.W.2d 231, 233 (Iowa 1984); *State v. Hutchinson*, 341 N.W.2d 33, 38 (Iowa 1983) ("We do not now choose to abandon our preservation of error rules in favor of a discretionary plain error rule."); *State v. Rinehart*, 283 N.W.2d 319, 324 (Iowa 1979); *State v. Johnson*, 272 N.W.2d 480, 484 (Iowa 1978).

This court has noted before that "there may be merit in adopting a plain error rule rather than continuing to stretch the doctrinal limits of the right to counsel to address unpreserved error." *State v. Sahinovic*, No. 15-0737, 2016 WL 1683039, at *2 (Iowa Ct. App. Apr. 27, 2016) (McDonald, J., concurring). However, we are not at liberty to overturn Iowa Supreme Court precedent. *See Figley v.*

---

[2] Federal Rule of Criminal Procedure 52(b) allows an appellate court to consider a "plain error that affects substantial rights . . . even though it was not brought to the [district] court's attention."

*W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).  Therefore, we decline to adopt the plain-error doctrine.

**V.  Conclusion.**

For the foregoing reasons, we affirm Macke's convictions and sentences, and we preserve her ineffective-assistance-of-counsel claim for postconviction relief.

**AFFIRMED.**