# IN THE COURT OF APPEALS OF IOWA

No. 19-0865
Filed March 4, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**AMBER MARIE GRADY,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Osceola County, David A. Lester (motion to suppress) and Charles K. Borth (trial), Judges.

Amber Grady appeals her judgment and sentence for operating a motor vehicle while under the influence of a controlled substance. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Amber Grady appeals her judgment and sentence for operating a motor vehicle while under the influence of a controlled substance. On appeal, she claims that "the investigatory stop of her vehicle lacked the proper predicated reasonable suspicion under the Iowa Constitution because the only information the officer relied upon was the fact that the registered owner of the vehicle has a suspended license without any knowledge of the actual driver of the vehicle." Bound by precedent, we reject Grady's argument.

Deputy Lee Vellema was on routine patrol during the late night hours. He ran a license plate check of a car that was in front of him and "discovered that the only registered owner of the vehicle was suspended in the State of Iowa." He turned on his red and blue emergency lights to conduct a traffic stop so he could investigate the driver. After the car stopped, he approached the car from the driver's side and told the driver that the registered owner of the car was suspended. The driver, Grady, said the car belonged to her and that she had taken care of everything to get her license back. Grady provided the deputy with her driver's license, registration, and proof of insurance. During the conversation the deputy observed that Grady's pupils were dilated and her speech sounded slurred. Grady accompanied the deputy to his patrol car. The deputy's check with the National Crime Information Center (NCIC) on his patrol car computer showed Grady's license was suspended. The deputy began an operating while intoxicated (OWI) investigation. Grady was later charged by trial information with operating while under the influence of a controlled substance, in violation of Iowa Code section 321J.2 (2018).

Grady moved to suppress any and all evidence seized as a result of the search and seizure because there was no probable cause to stop her car. Grady admitted,

> the arresting officer followed the correct procedures and the applicable law in arresting Ms. Grady. From the officer's knowledge, Ms. Grady was operating a motor vehicle while having a suspended driver's license. Vellema was therefore justified in stopping and detaining Ms. Grady.

But she asserted, "unbeknownst to Vellema, Ms. Grady was in fact driving on a valid driver's license but due to a clerical mistake of the Iowa DOT, Vellema was not aware of this." She argued the Iowa DOT's clerical error rendered the traffic stop illegal and, therefore, her rights under article 1, section 8 of the Iowa Constitution were violated. Grady's motion to suppress was overruled. The parties agreed to a bench trial on the minutes of testimony. Grady was found guilty as charged. Grady appeals.

Stung by defeat in the district court, Grady abandons her discrete clerical-error argument. On appeal, she rolls out a brand-spanking-new argument asserting "that the investigatory stop of her vehicle lacked the proper predicated reasonable suspicion under the Iowa Constitution because the only information the officer relied upon was the fact that the registered owner of the vehicle has a suspended license without any knowledge of the actual driver of the vehicle." And she asks us to hold "that when an officer only knows that a registered vehicle owner has a revoked license, but has no other factors to stop a vehicle, there is insufficient reasonable suspicion for an investigatory stop under article I, § 8 of the Iowa Constitution." This is not the same song she sung to the district court. Error preservation rules prevent Grady for singing a new song to us. *See State v.*

*Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court."). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *accord Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). Our error preservation rules are not legal bramble bush that serve no purpose other than ensnaring unwitting litigants. *See State v. Tidwell*, No. 13-0180, 2013 WL 6405367, at *2 (Iowa Ct. App. Dec. 5, 2013). Our error preservation rules preserve judicial resources by allowing the district court the first opportunity to address an issue. It would be unfair to fault a district court on an issue it never had the opportunity to consider. *See Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 28 (Iowa 2005); *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002). Thus, under our error preservation rules, an issue must ordinarily be raised in and decided by the district court before we will address it on appeal. *See Stammeyer v. Div. of Narcotics Enforcement*, 721 N.W.2d 541, 548 (Iowa 2006). Grady did not preserve error on this issue.

To sidestep the error-preservation hurdle, Grady raises the issue under an ineffective-assistance-of-counsel rubric.[1] *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (raising claim under the ineffective-assistance-of-counsel rubric is an exception to the error-preservation rule). She claims her trial counsel failed

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.7 (Supp. 2019) prohibiting consideration of ineffective-assistance-of-counsel claims on direct appeal apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke,* 933 N.W.2d 226, 235 (Iowa 2019).

to sufficiently argue her now newly-minted argument. Because we find the argument has no merit based on binding precedent, counsel had no duty to raise it.[2] *See State v. Braggs,* 784 N.W.2d 31, 35 (Iowa 2010) (stating counsel has no duty to raise a meritless argument).

The facts here are similar to those in *State v. Vance*, 790 N.W.2d 775 (Iowa 2010). There, a police officer was patrolling during the early morning hours. *Vance*, 790 N.W.2d at 778. He ran the license plate on an oddly parked vehicle. *Id.* He discovered the name of the registered owner, a female, and then learned the owner's driver's license was suspended. *Id.* About fifteen minutes later, the officer observed the car driving on a highway. *Id.* He could not see who was driving the car, so he followed it and initiated a traffic stop. *Id.* As he approached the car he was for the first time able to observe that the car's driver was a male. *Id.* Vance, the driver, did not have a driver's license. *Id.* The traffic stop and following investigation led to a possession of controlled substance charge against Vance. *Id.*

Vance moved to suppress evidence, claiming the State illegally seized evidence from the vehicle because the officer did not have reasonable suspicion to stop the car. *Id.* at 779. The motion was overruled, and Vance was convicted.

---

[2] We acknowledge that the Kansas supreme court held that an officer lacked reasonable suspicion based solely on his assumption that the unidentified driver was the vehicle's registered owner, whose drivers' license had been revoked, *State v. Glover*, 422 P.3d 64, 72 (Kansas 2018), and that the U.S. Supreme Court has granted certiorari. *Kansas v. Glover*, 139 S.Ct.1445 (Mem) (2019). But the case has yet to be decided, so counsel could not have breached an essential duty in failing to predict the outcome. *See State v. Millam*, 745 N.W.2d 719, 722 (Iowa 2008) ("We do not expect counsel to anticipate changes in the law, and counsel will not be found ineffective for a lack of 'clairvoyance.'").

*Id.* On appeal Vance claimed the investigatory stop of the car he was operating violated his Fourth Amendment right to be free from "unreasonable searches and seizures." *Id.* at 780. Our supreme court held that

> an officer has reasonable suspicion to initiate an investigatory stop of a vehicle to investigate whether the driver has a valid driver's license when the officer knows the registered owner of the vehicle has a suspended license, and the officer is unaware of any evidence or circumstances indicating the registered owner is not the driver of the vehicle.

*Id.* at 781. The court reasoned: (1) "it is reasonable for an officer to infer the registered owner of the vehicle will do the vast amount of the driving," (2) forbidding police from relying on such an inference to form reasonable suspicion for a stop "would seriously limit an officer's ability to investigate suspension violations because there are few, if any, additional steps the officer can utilize to establish the driver of a vehicle is its registered owner," (3) "allowing a stopping officer to infer the registered owner is the driver, absent any evidence to the contrary, ensures the safety of the roadways and of law enforcement," and (4) "a majority of those jurisdictions [that have considered the issue] have adopted the standard we approve today." *Id.* at 781-82.

In this case, the deputy initiated the traffic stop because he knew the registered owner of the car had a suspended driver's license. He did not know who was driving the car. There was no evidence or circumstances indicating the registered owner was not the driver of the car. Under these circumstances, the deputy had reasonable suspicion to initiate an investigatory stop of the car. *See id.* at 781. It was only when he approached the driver's side window that he learned Grady, the owner, was driving the car. And at this point, he observed that

Grady might have been under the influence of a drug. These facts square with the holding of *Vance*. *See also State v. Haas*, 930 N.W.2d 699, 702-03 (Iowa 2019); *State v. Saffold*, No. 14-0223, 2015 WL 1849398, at *2 (Iowa Ct. App. Apr. 22, 2015).

Grady requests we perform an independent analysis under article I, section 8 of the Iowa Constitution. *See State v. Effler*, 769 N.W.2d 880, 894-95 (Iowa 2009) (Appel, J., concurring) (discussing why counsel should raise and brief an independent analysis of a constitutional issue under the Iowa Constitution), *cert. denied*, 558 U.S. 1096 (2009). But had Grady's trial counsel raised the issue under the Iowa Constitution, it would not have been met with success.

We recognize the challenge to the legality of the stop in *Vance* was on only United States Constitution Fourth Amendment grounds, not Iowa constitutional grounds. *See Vance*, 790 N.W.2d at 780. We believe the reasons upon which the *Vance* opinion rests obviate any different result in an independent analysis under the Iowa Constitution. Furthermore, our supreme court has upheld the legality of a similar traffic stop under the Iowa Constitution. *Haas*, 930 N.W.2d at 702-03. The stop was challenged on article I, section 8 grounds. *Id.* at 702. The court followed its holding in *Vance* and concluded that

> the fact that the officers in this case could not observe the driver's sex or identity does not invalidate their assumption that Haas [the vehicle's owner] was driving her vehicle. Consequently, we affirm the district court's judgment because there was reasonable suspicion to initiate an investigatory stop of the vehicle Haas was operating.

*Id.* at 703. Because Grady's trial counsel had no duty to raise an article I, section 8 argument, her ineffective-assistance-of-counsel argument fails.

Lastly, Grady argues that if all else fails, the court should grant relief under the plain-error doctrine.[3]  Although Iowa is one of only two states that have not adopted the plain-error doctrine, our supreme court has repeatedly and expressly declined to adopt it.  *See, e.g.*, *State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016); *In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003); *Rutledge*, 600 N.W.2d at 325 ("We do not subscribe to the plain error rule in Iowa, have been persistent and resolute in rejecting it, and are not at all inclined to yield on the point."); *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) ("[W]e do not recognize a "plain error" rule which allows appellate review of constitutional challenges not preserved at the district court level in a proper and timely manner."); *State v. Johnson*, 476 N.W.2d 330, 333 (Iowa 1991); *State v. Miles*, 344 N.W.2d 231, 233 (Iowa 1984); *State v. Hutchinson*, 341 N.W.2d 33, 38 (Iowa 1983) ("We do not now choose to abandon our preservation of error rules in favor of a discretionary plain error rule."); *State v. Rinehart*, 283 N.W.2d 319, 324 (Iowa 1979); *State v. Johnson*, 272 N.W.2d 480, 484 (Iowa 1978).

This court has noted before that "there may be merit in adopting a plain error rule rather than continuing to stretch the doctrinal limits of the right to counsel to address unpreserved error."  *State v. Sahinovic*, No. 15-0737, 2016 WL 1683039, at *2 (Iowa Ct. App. Apr. 27, 2016) (McDonald, J., concurring).  However, we are not at liberty to overturn Iowa Supreme Court precedent.  *See Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011); *State v. Hastings*, 466

---

[3] Federal Rule of Criminal Procedure 52(b) allows an appellate court to consider a "plain error that affects substantial rights . . . even though it was not brought to the [district] court's attention."

N.W.2d 697, 700 (Iowa Ct. App. 1990).  Therefore, we decline to adopt the plain-error doctrine.

For the foregoing reasons, we affirm Grady's judgment and sentence.

**AFFIRMED.**