# IN THE COURT OF APPEALS OF IOWA

No. 21-1287
Filed December 7, 2022


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GUY LYNN WILSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Jennifer Bahr, District Associate Judge.


        Guy Wilson appeals from his convictions for possession of methamphetamine. **AFFIRMED.**


        Marti D. Nerenstone (until withdrawal), Council Bluffs, Krisanne C. Weimer of Weimer Law, PC (until withdrawal), Council Bluffs, and Guy Weinstein, Omaha, Nebraska, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


        Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Guy Wilson appeals two convictions for possession of methamphetamine, in violation of Iowa Code section 124.401(5) (2020)[1], following separate jury trials.[2] He challenges the sufficiency of the evidence supporting his convictions and seeks judgments of acquittal as to both cases.

## I.    Identifying the Issues

Before turning to the merits of Wilson's challenge, we first address the scope of this appeal.  While Wilson clearly raises a sufficiency-of-the-evidence challenge to both convictions, he sprinkles his sufficiency challenges with miscellaneous claims including constitutional challenges, evidentiary challenges, claims of ineffective assistance of counsel, claims of structural error, and claims of prosecutorial misconduct.

We decline to address these sprinkles for a variety of reasons.  Wilson's constitutional challenges, including his claim that a search in one of his cases violated his rights against unreasonable searches and seizures, are not preserved for our review as they were not raised in and decided by the district court.  *See Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 322 (Iowa 2013) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal.").

His evidentiary challenge based on a best-evidence-rule objection was

---

[1] Section 124.401 was amended, and that amendment became effective in the time between Wilson's two offenses.  *See* 2020 Iowa Acts ch. 130, § 24.  This amendment did not impact section 124.401(5).

[2] The district court held one sentencing hearing and sentenced Wilson for both convictions.

preserved for review, but Wilson does not develop the evidentiary issue on appeal. Instead, he embeds it within his request for acquittal based on his sufficiency-of-the-evidence challenge rather than seeking a new trial based on claimed error in the admission of evidence. *See State v. Sullivan*, 679 N.W.2d 19, 31 (Iowa 2004) (remanding for new trial due to evidentiary error). Based on the manner in which Wilson presents it, we conclude Wilson did not intend to raise an evidentiary challenge independent of his sufficiency-of-the-evidence challenge.

Wilson raises claims of ineffective assistance of counsel. We are not permitted to address such claims on direct appeal. *See* Iowa Code § 814.7 (requiring claims of ineffective assistance of counsel to be brought via postconviction-relief proceedings rather than on direct appeal); *State v. Davis*, 971 N.W.2d 546, 555 n.2 (Iowa 2022) (same).

While Wilson makes reference to structural error, he does not identify what structural error occurred or cite any relevant authority in support of his claim. Therefore, we decline to address it.

Finally, we decline to address Wilson's claim of prosecutorial misconduct during closing argument. A preliminary problem with his claim is that he does not identify specific comments the prosecutor made that he claims constitute misconduct. Without such specifics, we cannot address his claim. Further, the typical remedy for prosecutorial misconduct is a new trial. *See, e.g., State v. Leedom*, 938 N.W.2d 177, 192–94 (Iowa 2020). But Wilson does not seek a new trial; he seeks acquittal based on insufficient evidence, causing us to conclude his claim of prosecutorial misconduct is simply part of his sufficiency-of-the-evidence challenge. Lastly, Wilson raised no objection and made no motion for mistrial

during trial, so he has not preserved the issue for our review. *See State v. Hutchison*, 341 N.W.2d 33, 39 (Iowa 1983) ("[A]n accused cannot sit by and fail to avail himself of legal procedures (such as a motion for a mistrial) that would correct [claimed prosecutorial misconduct during closing argument] and later raise these same errors as a ground for a new trial.").

For these reasons, we limit our review to the issue Wilson properly raised and developed—his claim that the evidence is insufficient to support his convictions.

## II.      Standard of Review

We review challenges to the sufficiency of the evidence for corrections of errors at law. *State v. Hall*, 969 N.W.2d 299, 304 (Iowa 2022). Evidence is sufficient if there is substantial evidence in the record to support the conviction. *Id.* Evidence is substantial if it is sufficient to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Id.* In assessing the sufficiency of the evidence, we view it in the light most favorable to the State. *Id.*

## III.     Analysis

Section 124.401(5) prohibits any person from knowingly or intentionally possessing a controlled substance, which includes methamphetamine. *See* Iowa Code § 124.206(4)(b) (listing methamphetamine as a controlled substance). "Possession may be actual or constructive." *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016) (footnote omitted). Actual possession requires proof the controlled substance was on the defendant's person at some point in time. *State v. Jones*, 967 N.W.2d 336, 341 (Iowa 2021). "In other words, a jury can find a defendant was in actual possession of a controlled substance even when the defendant was

not 'caught red-handed and in physical possession at the time of the stop or arrest.'" *Id.* (citation omitted). "Constructive possession exists when the evidence shows the defendant 'has knowledge of the presence of the controlled substance and has the authority or right to maintain control of it.'" *Reed*, 875 N.W.2d at 705 (citation omitted).

Wilson argues the State failed to establish the possession element for both convictions. We address each of Wilson's convictions in turn.

### A.    The First Charge (Case Number SRCR 161662)

Law enforcement encountered Wilson during a traffic stop in the early morning hours of February 1, 2020. An odor of burnt marijuana emanated from the vehicle, and the officer observed a marijuana pipe in the vehicle. Law enforcement officers searched the vehicle as a result. They found a backpack on the passenger seat of the vehicle, which had a methamphetamine pipe and three and a half grams of methamphetamine inside. The backpack also contained mail addressed to Wilson.

We conclude there is sufficient evidence Wilson possessed the methamphetamine found in the backpack. Wilson was the only person in the vehicle, and the backpack was in the passenger seat nearby. Although the backpack did not have any tag identifying it as belonging to Wilson, it contained mail addressed to him. From this, jurors could reasonably link the backpack to Wilson, which also links him to the methamphetamine in the backpack. *See Jones*, 967 N.W.2d at 342–44 (permitting the stacking of inferences to support a jury's finding of drug possession so long as the totality of the evidence "raises a 'fair inference of guilt' and generates 'more than suspicion, speculation, or conjecture'"

(quoting *State v. DeWitt*, 811 N.W.2d 460, 475 (Iowa 2012))). There is sufficient evidence that Wilson actually possessed the methamphetamine as well as his constructive possession of it. Wilson's conviction in case number SRCR161662 is supported by substantial evidence.

### B. The Second Charge (Case Number AGCR164098)

Wilson encountered law enforcement again during the early morning hours of November 19, 2020. An officer was watching a known narcotics hotspot when Wilson drove by in his girlfriend's car. The officer noted that the brake light was out, so he stopped Wilson. During the stop, the officer observed Wilson and thought "his movements were jerky"—which he knew could be a sign of methamphetamine use. The officer deployed a drug dog to sniff the vehicle, and the dog alerted to the presence of drugs on the driver side of the vehicle. The officer then searched the vehicle and found a baggie of methamphetamine tucked inside an air vent directly to the left of the steering wheel.

Again, we conclude there is sufficient evidence that Wilson possessed the methamphetamine. A reasonable jury could conclude Wilson left the narcotics hotspot with newly obtained drugs. When the officer initiated the traffic stop, the jury could reasonably conclude, Wilson stuffed the drugs into the air vent nearest him in an effort to conceal the drugs during the stop. This would allow the jury to determine Wilson had actual possession of the drugs. Wilson's conviction in case number AGCR164098 is supported by substantial evidence.

### IV. Conclusion

As both convictions are supported by substantial evidence, we affirm.

**AFFIRMED.**