PER CURIAM.
Kayla Haas was convicted of driving while barred. On appeal, Haas challenges the district court's ruling denying her motion to suppress on the grounds she was subject to an impermissible pretextual seizure. She also challenges the reasonable suspicion of her stop. Further, Haas argues her counsel was ineffective and the district court improperly assessed court costs and attorney fees. We retained Haas's appeal.
As to Haas's challenge of her denied motion to suppress, we affirm the district court's denial. "When a defendant challenges a district court's denial of a *702 motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." State v. Coffman , 914 N.W.2d 240, 244 (Iowa 2018) (quoting State v. Storm , 898 N.W.2d 140, 144 (Iowa 2017) ). In State v. Brown , 930 N.W.2d 840, ----, 2019 WL 2710809 (Iowa 2019), we determined the subjective motivations of an individual officer in making a traffic stop under article I, section 8 of the Iowa Constitution are irrelevant as long as the officer has objectively reasonable cause to believe the motorist violated a traffic law. There, consistent with precedent in Iowa, we affirmed the district court's determination that the subjective reasoning in the decision to stop the motorist did not matter because the officer objectively observed traffic violations.
We also affirm the district court judgment on Haas's second challenge, whether her stop was supported by reasonable suspicion. The standard of review for a constitutional search and seizure challenge is de novo. State v. Vance , 790 N.W.2d 775, 780 (Iowa 2010). We do not believe the officers violated article I, section 8 of the Iowa Constitution when they stopped Haas based on reasonable suspicion that she was driving while barred. At the very least, the officers had reasonable suspicion to stop Haas's vehicle after they observed her and two other people getting into the vehicle before leaving the area.
A traffic stop is generally reasonable, and thus constitutional under state and federal search and seizure provisions, if the police have probable cause or reasonable suspicion to believe that the motorist violated a traffic law. Navarette v. California , 572 U.S. 393, 401-02, 134 S. Ct. 1683, 1690, 188 L.Ed.2d 680 (2014) ; Whren v. United States , 517 U.S. 806, 809-10, 116 S. Ct. 1769, 1772, 135 L.Ed.2d 89 (1996) ; State v. Tague , 676 N.W.2d 197, 204 (Iowa 2004). In Vance , we held reasonable suspicion existed to support a traffic stop to investigate the validity of the motorist's driver's license "when the officer knows the registered owner of the vehicle has a suspended license, and the officer is unaware of any evidence or circumstances indicating the registered owner is not the driver of the vehicle." 790 N.W.2d at 781. In doing so, we explained, "[I]t is reasonable for an officer to infer the registered owner of the vehicle will do the vast amount of the driving." Id. Thus, "it is sufficiently reasonable to generate reasonable suspicion for an investigatory stop to resolve the ambiguity as to whether criminal activity is afoot." Id. at 781-82. Yet, we also noted that reasonable suspicion would disappear if the officer obtained information suggesting that the driver is not the owner of the vehicle. Id. at 782.
Haas claims the police were aware of circumstances that invalidated their assumption that Haas was driving the vehicle when they made the traffic stop. Namely, Haas points out that the officers in this case did not know her and observed three people enter the vehicle but did not see which of the three was driving. However, these circumstances do not invalidate the officers' assumption that Haas was driving her own vehicle when they made the traffic stop.
Prior to initiating the traffic stop, the officers ran the license plate of the vehicle. They identified Haas as the registered owner and discovered that she had a suspended license. Soon after, the officers saw a woman that "appeared to be" Haas and two males leave the residence they were observing. Though the officers did not see who was driving the vehicle, it was still reasonable to assume that Haas, as the registered owner of the vehicle, would be doing "the vast amount of the driving." Id. at 781.
*703 We upheld the reasonableness of the search in Vance based on the officer's observation that the vehicle was registered to an owner with a suspended license despite the fact that the officer did not know the owner and "was unable to observe the sex or the identity of the driver." Id. at 783. Likewise, the fact that the officers in this case could not observe the driver's sex or identity does not invalidate their assumption that Haas was driving her vehicle. Consequently, we affirm the district court's judgment because there was reasonable suspicion to initiate an investigatory stop of the vehicle Haas was operating.
Haas's ineffective-assistance claim that her trial counsel was ineffective for declining to challenge whether the license plate was malfunctioning fails on the merits. We review claims of ineffective assistance de novo. State v. Harrison , 914 N.W.2d 178, 187-88 (Iowa 2018). The United States Constitution and the Iowa Constitution provide defendants with the right to effective assistance of counsel. U.S. Const. amend. VI ; Iowa Const. art. I, § 10. We generally preserve ineffective-assistance claims for postconviction-relief proceedings so the parties can "develop an adequate record of the claims" and counsel charged with ineffective assistance has the chance to respond to the claims. Harrison , 914 N.W.2d at 206. Nevertheless, we may resolve these claims on direct appeal when the record is adequate, as is the case here since it involves video evidence. See id.
"Ineffective-assistance-of-counsel claims require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice." Id. at 188 (quoting State v. Schlitter , 881 N.W.2d 380, 388 (Iowa 2016) ). The defendant must show both prongs of this test have been met. Id. at 206. In analyzing the defendant's claims, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. (quoting Nguyen v. State , 878 N.W.2d 744, 752 (Iowa 2016) ).
Counsel fails an essential duty if he or she "perform[s] below the standard demanded of a reasonably competent attorney." Id. (quoting Ledezma v. State , 626 N.W.2d 134, 142 (Iowa 2001) (en banc)). Prejudice results from this failure when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ledezma , 626 N.W.2d at 143 (quoting Strickland v. Washington , 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L.Ed.2d 674 (1984) ). A reasonable probability exists if the probability is "sufficient to undermine confidence in the outcome." Id. (quoting Strickland , 466 U.S. at 694, 104 S. Ct. at 2068 ). Ultimately, Haas must show that "absent the errors, the fact finder would have had a reasonable doubt respecting guilt." Id. (quoting Strickland , 466 U.S. at 695, 104 S. Ct. at 2068-69 ).
Haas argues that the dash-cam video shows her vehicle had an illuminated license plate that was not malfunctioning in any form. Iowa Code section 321.388 requires a white, electric light to illuminate a rear license plate to a distance of fifty feet. Iowa Code § 321.388 (2017). The Iowa Code also requires reflective coating on license plates. Id. § 321.35. The absence of these equipment features serves as reasonable suspicion to justify an investigatory stop. See State v. Lyon , 862 N.W.2d 391, 398 (Iowa 2015).
The only time Haas's vehicle appears to have the reflective coating is when the patrol car illuminates the vehicle's license *704 plate. Otherwise, the license plate only reflects ambient light when the vehicle is away from the lights of the police vehicle, demonstrating a malfunction. Haas's counsel did not breach an essential duty in declining to challenge whether the license plate was properly illuminated since the video evidence does not contradict the officer's testimony that the plate light was not working. Further, even if counsel's decision not to challenge the functionality of the license plate light did breach an essential duty, this decision did not result in prejudice since the officers already had reasonable suspicion to make the investigative stop due to their inference that Haas was driving with a suspended license. Therefore, Haas failed to meet her burden to show counsel was ineffective in deciding not to challenge whether the license plate was functioning.
Finally, we reject Haas's claim that the district court erred in requiring her to repay the costs of her appointed attorney without considering her reasonable ability to pay. "Our review of a restitution order is for correction of errors at law." State v. Klawonn , 688 N.W.2d 271, 274 (Iowa 2004). The district court may order a person to compensate the State for the costs of court-appointed representation. Iowa Code § 815.9(3) ; id. § 910.2(2). Before doing so, the district court must "determine the defendant's reasonable ability to pay the attorney fees." State v. Coleman , 907 N.W.2d 124, 149 (Iowa 2018).
The district court did contemplate Haas's reasonable ability to pay her court-appointed attorney fees. After Haas filed an indigent defense notice on October 20, 2017, the district court entered judgment and imposed a fine, surcharge, and costs that included "repayment of court appointed attorney fees, if any." The district court also noted, "[T]he Defendant has the ability to re-pay court-appointed attorney fees and the same are ordered."
After Haas's notice of appeal, she submitted three more indigent defense claim forms. The district court entered an order on January 29, 2018, ordering Haas to pay a $38.50 claim for attorney fees based on its finding that she "ha[d] the ability to pay the ... fees." The district court's statements in its orders regarding the fees contradict Haas's claim that "[t]he record reflects no consideration of Haas's reasonable ability to pay."
In any event, the district court later rescinded a legal fee assessment of $136.50 due to Haas's appeal, explaining that "the fees ordered should not have been assessed at this time." It does not appear there was a plan of restitution in place when Haas filed her appeal, so "the court is not required to consider the offender's reasonable ability to pay." State v. Albright , 925 N.W.2d 144, 161 (Iowa 2019). We affirm the restitution part of the sentencing order.
AFFIRMED.
All justices concur except Cady, C.J., who concurs in result only, and Appel and Wiggins, JJ., who dissent.