# IN THE COURT OF APPEALS OF IOWA

No. 18-0328
Filed December 18, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSHUA RICHARD CORY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Steven J. Oeth, Judge.

Joshua Cory appeals his conviction, following a guilty plea, of possession of methamphetamine with intent to deliver and the sentence imposed. **AFFIRMED.**

Joel E. Fenton of Law Offices of Joel E. Fenton, PLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrell Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Joshua Cory was charged by trial information with a host of crimes.[1] The parties reached a plea agreement, under which Cory would plead guilty to first-offense possession of methamphetamine with intent to deliver in return for the State's dismissal of the remaining charges. Under the terms of the plea agreement, the parties were free to argue what mandatory minimum term of imprisonment should be imposed at the time of sentencing. *See* Iowa Code §§ 124.413, 901.10(2), .11(1), .12(1) (2017).

The plea hearing was held in December 2017. At the hearing, Cory acknowledged his voluntary decision to plead guilty, his understanding of the proceedings, the nature of the charge, and the rights he was waiving by pleading guilty. The court advised him of the maximum and minimum punishments, and Cory acknowledged his understanding of the same. Cory then tendered his guilty plea, admitting he knowingly possessed more than five grams of methamphetamine with the specific intent to deliver it to another individual.[2] He also stipulated to the accuracy of the minutes of evidence—which provided an abundance of information supporting a factual basis—and his agreement that the court could consider them in establishing a factual basis to support the plea. The court accepted the plea, set the matter for sentencing, and ordered the preparation

---

[1] The charges included (1) possession of methamphetamine with intent to deliver, second or subsequent offense; (2) possession of marijuana with intent to manufacture or deliver, second or subsequent offense; (3) unlawful possession of a prescription drug; (4) failure to affix a drug-tax stamp; (5) eluding while participating in a drug crime or felony; (6) first-degree theft; (7) operating a motor vehicle without owner's consent; and (8) driving while barred as a habitual offender.

[2] *See* Iowa Code § 124.401(1)(b)(7).

of a presentence investigation (PSI) report. Cory was advised of his obligation to file a motion in arrest of judgment to challenge his plea for any reason.

During his interview with the PSI preparer, Cory advised: "I was not intending to deliver to anyone but myself. But I had to tell the judge that I intended to deliver to an individual or he wouldn't have accepted my plea." At the subsequent sentencing hearing, the court questioned Cory about his statement. Cory responded, "I did not intend to deliver it to an individual, no." Even though the time had passed to file a motion in arrest of judgment,[3] the court then advised Cory if he wanted to challenge his plea, he would need to file a motion in arrest of judgment. Cory declined the opportunity, declined to withdraw his plea, and insisted on proceeding to sentencing. Although Cory had previously agreed at the plea hearing the court could rely on the minutes of evidence in accepting his plea, which the court had done, the court confirmed with Cory it could continue to rely on the minutes of evidence to support a factual basis. Cory responded in the affirmative. Defense counsel then questioned Cory whether he was making any allegation that defense counsel told him he had to tell the judge he intended to deliver to another individual. Cory responded in the negative.

The court proceeded to sentencing. During his statement of allocution, Cory explained he understood "the validity of this crime and that [he] would be found guilty if [he] went to trial." Pursuant to Iowa Code section 124.413(3), the court reduced the one-third mandatory minimum term of incarceration by one-half. The

---

[3] A motion in arrest of judgment "must be made not later than 45 days after plea of guilty, . . . but in any case not later than five days before the date set for pronouncing judgment." Iowa R. Crim. P. 2.24(3)(b).

court declined to further reduce the mandatory minimum under section 901.10(2) "for those reasons articulated just moments ago," which included Cory's significant criminal history, the need for his rehabilitation and protection of the community, and his high risk for reoffending. The court also surveyed a number of Cory's personal circumstances.

Cory now appeals his conviction and sentence. He argues his attorney was ineffective for failing to counsel him regarding an *Alford* plea[4] and failing to challenge the plea based on Cory's statement that he did not intend to deliver methamphetamine and resulting factual basis issues or to further explore the statement at the time of sentencing. He also argues the court erred in not engaging in a more "searching inquiry" regarding the statement. Lastly, he argues the sentencing court failed to adequately state its reasoning for declining to reduce his mandatory minimum sentence.

For the ineffective-assistance claims, Cory must establish by a preponderance of the evidence that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Trane*, 934 N.W.2d 447, 465 (Iowa 2019). Upon our de novo review, *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019), we observe the minutes of evidence provided a bounty of information establishing a factual basis for the crime. We find counsel was under no duty to pursue an *Alford* plea or challenge the plea on factual-basis grounds. As to prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's [alleged] errors,

---

[4] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

he or she would not have pleaded guilty and would have insisted on going to trial." *State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019) (quoting *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006)). All of Cory's ineffective-assistance claims stem from his statement to the PSI preparer. The court and defense counsel explored the statement with Cory at the time of sentencing and advised him of his ability to attempt to withdraw it; he insisted on proceeding with sentencing. This defeats any reasonable probability Cory would have insisted on going to trial.

Cory next argues the court had an obligation to engage in a more "searching inquiry." We find the court engaged in an adequate inquiry of Cory regarding his statement; because the time for filing a motion in arrest of judgment had already expired, the court's inquiry went further than required, and gave Cory every benefit of the doubt. In any event, Cory cites no authority to support his complaint. We deem the argument waived. Iowa R. App. P. 6.903(2)(g)(3). We affirm Cory's guilty-plea conviction of possession of methamphetamine with intent to deliver.

Lastly, Cory argues the court failed to state its reasoning for declining to reduce his mandatory minimum sentence pursuant to section 902.10(2). We find the court's terse and succinct statement regarding its sentencing decision is sufficient to show its reasons for its discretionary decision. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). We affirm the sentence imposed.

**AFFIRMED.**