# IN THE COURT OF APPEALS OF IOWA

No. 18-1085
Filed February 5, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TYLER WAYNE DAVIS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Kossuth County, Ann M. Gales, District Associate Judge.

Tyler Davis appeals his conviction for failing to comply with sex-offender registration requirements. **AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Heard by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Tyler Davis appeals his conviction for failure to comply with sex-offender registration requirements. We affirm.

**I. Facts and Prior Proceedings**

On December 9, 2015, around 1:00 a.m., Algona Police Officer Doug Ray stopped Davis for a traffic violation. When Kossuth County Sheriff Sergeant Charles Robinson heard about the stop,[1] he recognized Davis's name and remembered his status as a sex offender. Curious why Davis was driving in Kossuth County in the early morning hours, Robinson asked Ray to hold Davis at the traffic stop so he could come question Davis.

When Robinson arrived at the stop location, he asked Davis why he was in the county at that time. Davis stated he just finished work at Snap-On,[2] where he had been working since June. Robinson inquired whether Davis had registered his work location in Kossuth County in compliance with Iowa's sex-offender registry requirements.[3] Davis stated he had. Robinson used the computer in his vehicle to test Davis's statement. Robinson's investigation suggested Davis was not registered in Kossuth County. Upon hearing this news, Davis said he registered in June.

---

[1] At trial, Robinson testified, "I heard Algona police officer Doug Ray conduct a traffic stop." Presumably, he heard this over the police radio.

[2] Davis does not challenge the assumption that Snap-On is located in Kossuth County.

[3] Iowa Code section 692A.104(2) (2015) mandates: "A sex offender shall, within five business days of changing . . . employment, . . . appear in person to notify the sheriff of each county where a change has occurred."

Later in the morning, Robinson investigated further. He spoke with Tammy Eden, an employee of the Kossuth County Sheriff's Department. Eden's work includes handling sex-offender registrations. Eden told Robinson that Davis was not registered in the county. However, through a database, she was able to see that, in June, Davis registered in Palo Alto County and listed Snap-On as his place of employment.

The State charged Davis with failing to register as a sex-offender in violation of sections 692A.111(1) and 692A.104(2). Following a bench trial,[4] the district court found Davis guilty as charged. Davis appeals, alleging he received ineffective assistance of counsel.[5]

## II. Discussion

Davis claims counsel was ineffective for failing to move to suppress statements he made during the traffic stop. At oral argument, he clarified he also claims counsel was ineffective for failing to move to suppress evidence stemming from the resulting investigation. He argues his statements to Robinson were compelled, in violation of the Fifth Amendment of the United States Constitution as well as article I, section 9 of the Iowa Constitution.

---

[4] Davis stipulated that he is a sex offender subject to chapter 692A's registration requirements.

[5] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019. *Id.*

Ineffective-assistance claims are reviewed de novo. *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019). To succeed on an ineffective-assistance claim, Davis must demonstrate counsel failed to perform an essential duty and constitutional prejudice resulted. *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). "Because the test for ineffective assistance of counsel is a two-pronged test, [Davis] must show both prongs have been met." *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). Generally, ineffective-assistance claims are preserved for postconviction relief so the record can be fully developed. *Haas*, 930 N.W.2d at 703.

The State urges us to preserve Davis's claims for a future postconviction-relief action so that the record can be further developed. It reasons that, because the traffic stop was not challenged below, the record was not developed enough to evaluate Davis's constitutional claims. On review, we agree and preserve Davis's claims. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) (providing when the record is not sufficiently developed to address an ineffective-assistance claim on direct appeal, the appellate court should not reach the issue and permit the defendant to raise the issue in a postconviction-relief action).

**AFFIRMED.**