# IN THE COURT OF APPEALS OF IOWA

No. 18-2033
Filed March 4, 2020

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**GREGORY DOORENE WINTER,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Winneshiek County, Margaret L. Lingreen, Judge.

       Gregory Winter appeals his conviction for driving while revoked following a guilty plea. **AFFIRMED.**

       John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

       Thomas J. Miller, Attorney General, and Tyler J. Buller and Kyle Hanson, Assistant Attorneys General, for appellee.

       Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Gregory Winter appeals from his conviction for driving while revoked. He alleges his counsel was ineffective in two respects, both connected with his guilty plea.[1] We affirm.

Ineffective claims are reviewed de novo. *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019). To succeed, Winter must demonstrate counsel failed to perform an essential duty and constitutional prejudice resulted. *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). "Because the test for ineffective assistance of counsel is a two-pronged test, [Winter] must show both prongs have been met." *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). If a defendant cannot prove either prong, we need not address the other. *Id.* Generally, ineffective-assistance claims are preserved for postconviction relief so the record can be fully developed. *Haas*, 930 N.W.2d at 703.

First, Winter argues counsel was ineffective in permitting Winter to plead guilty without a factual basis to support the charge. When counsel permits a defendant to plead guilty to a charge for which no factual basis exists, counsel fails to perform an essential duty. *See State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). And prejudice is inherent. *See id.*

---

[1] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019. *Id.*

We conclude the record is sufficient to resolve this claim on direct appeal. Winter argues because "[t]he State did not provide or file a certified copy of [his] driving record . . . , counsel did not verify that [he] was the person to have alleged to be driving while . . . revoked." And he claims the following alteration to the written guilty plea supports his contention that there is no factual basis:

5.      By pleading guilty, I admit that there is a factual basis for the charge. Specifically, I admit that I did the following at the time and place alleged in the Trial Information:

We disagree. We recognize the factual basis for a plea "must be disclosed by the record." *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). But when we review the record to determine if a factual basis exists, we may consider the minutes of testimony as part of the record. *See id.*

The minutes of testimony establish Winter was driving a blue van on March 10, 2018. They also establish Winter's driving privileges were revoked on March 29, 2017, and remained revoked on March 10, 2018. Thus, the minutes provide an adequate factual basis that Winter (1) operated a motor vehicle (2) with a revoked license, the elements of a violation of Iowa Code section 321J.21 (2018). So, as to this issue, Winter cannot show counsel was ineffective in allowing Winter to plead guilty. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015) ("Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless.").

Second, Winter claims counsel was ineffective for allowing Winter to enter a guilty plea that was not knowing, intelligent, and voluntary. As support for this claim, Winter points to two hand-written alterations to the plea form. They are reproduced below:

5.    By pleading guilty, ~~I admit~~ that there is a factual basis for the charge. Specifically, I admit that I did the following at the time and place alleged in the Trial Information:

)
)    Case No. SRCR018382
)
)
)    **WRITTEN GUILTY PLEA**
)    **AND ~~WAIVER OF RIGHTS~~**
)

Winter suggests the lined out portions of the plea agreement—"I admit" and "WAIVER OF RIGHTS"—show coercion. But, critically, we do not know when the document was altered, why it was altered, or by whom. On this record, we do not know if the strike outs indicate coercion or something far less sinister. So we decline to address this issue on direct appeal. Instead, we preserve this claim for a future postconviction-relief action where the record can be properly developed. *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

**AFFIRMED.**