# IN THE COURT OF APPEALS OF IOWA

No. 19-0558
Filed March 18, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**IAN LEE LEIB,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Audubon County, Craig M. Dreismeier, Judge.

        Ian Leib appeals his conviction for possession of methamphetamine with intent to deliver. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Ian Leib appeals his conviction for possession of methamphetamine with intent to deliver. He contends his trial counsel was ineffective by failing to challenge evidence discovered during an illegal search of his pocket.[1] We review this claim de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

To succeed on an ineffective-assistance claim, a defendant must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Counsel breaches a duty if counsel's performance is not objectively reasonable. *See State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017). We generally preserve ineffective-assistance claims for postconviction-relief proceedings to allow the parties to develop the record on the defendant's claims and provide trial counsel the opportunity to respond. *See State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019). Without additional evidence about what the officers involved in the search knew and when they knew it, the record is insufficient to resolve Leib's claim on direct appeal. We preserve it for a postconviction-relief proceeding. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Leib also challenges the sufficiency of the evidence supporting his conviction for possession of methamphetamine with intent to deliver. We review this claim for correction of errors at law. *See State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017). In doing so, we review the record in the light most favorable to the State, including all reasonable inferences that may be fairly drawn. *See id.* We

---

[1] Because amendments to Iowa Code section 814.7, which prohibit consideration of ineffective-assistance-of counsel claims on direct appeal, do not apply to cases pending on July 1, 2019, we may consider this issue. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

affirm if substantial evidence supports the conviction. *See State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted).

Leib does not dispute that he possessed methamphetamine. Instead, he challenges the finding that he had intent to deliver it. Leib acknowledges a special agent with the Iowa Division of Narcotics Enforcement testified that the amount of methamphetamine in Leib's possession was consistent with distribution. But he notes the agent also testified that the amount was not "extremely uncommon" for a methamphetamine user to carry. The agent also testified that when that amount is for personal use, it is typically kept in one package or one type of container. In contrast, the amount Leib was carrying was packaged into three separate bags, two of which weighed the typical amount sold by a street-level dealer. Leib argues that this "could simply be an indication that [he] recently purchased the drugs for personal use and was arrested before he consumed his personal stash of methamphetamine." But this was a determination for the jury to make. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (noting that weighing the evidence is the function of the jury). Although the evidence may support a finding that Leib was carrying methamphetamine for his personal use, substantial evidence supports the conclusion the jury reached, especially when viewed in the light most favorable to the State. We affirm.

**AFFIRMED.**