# IN THE COURT OF APPEALS OF IOWA

No. 19-0477
Filed October 7, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ISHMAEL KOMEH,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Black Hawk County, Linda M.
Fangman, Judge.

     A defendant appeals his conviction and sentence.  **AFFIRMED.**

     Jack E. Dusthimer, Davenport, for appellant.

     Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney
General, for appellee.

     Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Ishmael Komeh appeals his convictions for assault causing serious injury, possession of a firearm as a felon, and domestic abuse assault. He claims trial counsel provided ineffective assistance, asserts inconsistent jury verdicts should have resulted in a new trial or dismissal of a charge, challenges the restitution provision, and claims the sentencing court abused its discretion in imposing consecutive sentences. We affirm.

### I. Background Facts & Proceedings

On August 19, 2017, Komeh's girlfriend ended their relationship. Komeh went to her house, where they argued and Komeh assaulted her. Komeh then had an altercation with one of her family members. During the fight, the combatants struggled over a gun and the family member was shot, causing serious injury.

Komeh was charged with willful injury causing serious injury, possession of a firearm as a felon, carrying weapons, and assault domestic abuse causing bodily injury. At the conclusion of trial on December 7, 2018, a jury convicted Komeh of assault causing serious injury, possession of a firearm as a felon, and domestic abuse assault.[1]

At a separate habitual offender hearing, Komeh admitted to prior felony convictions. His status as a habitual offender trebled his sentences for assault causing serious injury and possession of a firearm as a felon from five years to fifteen years each, with a three-year mandatory minimum. At his sentencing hearing, the court ordered Komeh's sentences to run consecutively.

---

[1] The jury found Komeh not guilty of carrying weapons. The assault and domestic-abuse-assault convictions are lesser-included offenses of the charged crimes.

Komeh appeals his conviction and sentences. He claims (1) trial counsel provided ineffective assistance concerning a jury instruction, (2) the jury verdicts were inconsistent and the court should have granted Komeh a new trial, (3) the sentencing court failed to make a determination of his reasonable ability to pay before ordering restitution, and (4) the sentencing court abused its discretion in imposing consecutive sentences.

## II. Standards of Review

"If the record is adequate, we review [a] claim of ineffective assistance for failing to object to the marshaling jury instruction de novo."[2] *State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020).

"The consequence of a potentially inconsistent jury verdict is a question of law . . . ." *State v. Merrett*, 842 N.W.2d 266, 272 (Iowa 2014). Because the legal consistency of the verdicts has constitutional implications, our review is de novo. *See id.; State v. Halstead*, 791 N.W.2d 805, 807 (Iowa 2010).

"We review restitution orders for correction of errors at law. In doing so, '[w]e determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019) (quoting *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019)).

---

[2] The Iowa Code no longer permits direct-appeal claims of ineffective assistance of counsel, but this change does not apply to judgments entered before July 1, 2019. *Kuhse*, 937 N.W.2d at 627. Komeh's judgment and sentence were entered before July 1, 2019, so we are not foreclosed from considering his ineffective-assistance claim. *See id.*

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015).

**III. Analysis**

**A. Ineffective assistance of counsel.** Komeh claims trial counsel was ineffective in not objecting to the marshalling instruction on the assault charge to request a definition of justification. "In order to support a claim of ineffective assistance of counsel, a defendant must show (1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *Kuhse*, 937 N.W.2d at 628. "We ordinarily preserve [ineffective-assistance] claims for postconviction relief proceedings." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). "That is particularly true where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues." *Id.* (citation omitted). "We will resolve the claims on direct appeal only when the record is adequate." *Id.*

Here, we preserve the ineffective-assistance claim for postconviction relief proceedings, "where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

**B. Inconsistent verdicts.** Komeh asserts the jury's verdicts finding him guilty of felon in possession of a firearm and not guilty of carrying weapons are inconsistent. "[I]nconsistent verdicts on multiple counts in the same trial do not ordinarily taint the validity of a verdict of guilt. Such inconsistencies may result from the jury's exercise of its power of leniency." *State v. Fintel*, 689 N.W.2d 95,

100–01 (Iowa 2004) (citation omitted). "If jury verdicts are to be examined for inconsistency, the test to be applied is whether the verdict is so logically and legally inconsistent as to be irreconcilable within the context of the case." *Id.* at 101; *accord Merrett*, 842 N.W.2d at 275–76.

Komeh first raised the issue of inconsistent verdicts in a post-trial motion for new trial and judgment of acquittal despite the verdict. The district court gave a thorough analysis on this issue at the sentencing hearing.

> So first, looking at instruction No. 24 of our instructions, that is possession of a firearm as a felon. And I agree with [defense counsel]; we're really only talking about element No. 1 as it pertains to both of these counts because element No. 2 for both of these counts were really not contested. So as we look at element No. 1 of possession of a firearm as a felon, it requires that the defendant knowingly possessed or had under his dominion and control a firearm.
>
> It's important to note that there is a specific instruction for possession which is instruction No. 26. A person who possesses something is a person who has direct physical control over a thing on his person is in actual possession of it. It's also important to note that possession can be sole possession, but it can also be joint possession meaning two people could possess the same item at the same time. Or that the person had it under their dominion and control. And dominion and control can mean ownership or it can mean the power or authority to manage its use.
>
> Now, in this particular case we are aided by the fact that the jury found Mr. Komeh guilty of assault causing serious injury. So the guilty verdict in Count I tells us that the jury found that Mr. Komeh was the shooter in this particular case. They found that he inflicted the injury on [the family member victim]. For him to have inflicted that injury on [the victim], which was a gunshot wound, that means Mr. Komeh had to have had control of the gun.
>
> You'll note possession of a firearm as a felon does not require you to own the gun. It does not require you to have control over it for any length of time. It's somebody who has direct physical control over a thing on his person or has the power to manage its use. So if we look solely at Count II, possession of a firearm as a felon, the jury could have believed it was [the victim's] gun and that [the victim] brought it to the fight but that Mr. Komeh had it under his control and in his possession when he shot [the victim]. That could be one theory. Another theory could be that, again, it may have been [the

victim's] gun but the jury found that they had joint possession over the gun.

When we switch then to instruction No. 29 which is carrying weapons, element 1 says the defendant was armed. And again, you have to remember that we had a definition of what it means to go armed, and that's instruction No. 30. And that definition means that the defendant would be aware of the weapon and it was in a place where it was readily accessible to the defendant.

So again, the jury may have believed it was [the victim's] gun or they may just have determined that it wasn't proven beyond a reasonable doubt that the defendant actually brought the gun to the fight. Just because it's not his as far as ownership or just because he didn't bring the gun does not mean that he can['t] later possess it when he uses it to shoot [the victim]. So in looking at that, I'm not saying that is what the jury did because I don't think it's in our power or not under our authority to make a juror come in and explain why they reached it; but when you look at the actual evidence of this particular case, there is evidence that the jury could believe—and obviously did believe—that Mr. Komeh was the shooter without them having to believe that he brought the gun to the fight.

And for those reasons the court finds that it's not an inconsistent verdict but, rather, an example of when we tell the jury that they are to look at each charge individually, that they are to decide each charge individually, and that they are not to conclude guilt or innocence on any one particular charge because they've already found guilt or innocence on another charge.

This particular case is actually an example of the jury following those instructions and holding the State to their burden of proof for each and every element. So I don't find based on the actual elements and the definitions in these instructions that it is an inconsistent verdict.

We agree with the district court's analysis. The verdict is not irreconcilably inconsistent, and the trial court did not err in denying Komeh's motion for a new trial or judgment of acquittal.

**C. Reasonable ability to pay.** Komeh claims the court ordered him to pay restitution without conducting a reasonable-ability-to-pay analysis.

Iowa Code chapter 910 (2017) governs restitution. Some items of restitution—including court costs and court-appointed attorney fees—can only be ordered "to the extent the offender has the reasonable ability to pay." *Albright*, 925

N.W.2d at 159 (citing Iowa Code § 910.2(1)). Where the offender does not have the reasonable ability to pay, "the court may order community service in lieu of restitution." *Id.* "If the court cannot determine the full amount of restitution at the time of sentencing, 'the court shall issue a temporary order determining a reasonable amount for restitution identified up to that time.'" *Id.* at 160 (quoting Iowa Code § 910.3(2)).

"[A]ny temporary, permanent, or supplemental order regarding restitution is not appealable or enforceable until the court files its final order of restitution." *Id.* at 162. The final order of restitution cannot be entered "until all items of restitution are before the court." *Id.* Once it has that information, the court makes "an assessment as to the offender's reasonable ability to pay." *Id.*

Komeh's sentencing order did not include enforceable amounts of restitution, did not require immediate payment of restitution, and clearly noted the court costs and attorney fees were subject to a reasonable-ability-to-pay determination in the restitution plan of payment. No plan of restitution was in place when Komeh filed his appeal. *See State v. Haas*, 930 N.W.2d 699, 704 (Iowa 2019) ("It does not appear there was a plan of restitution in place when Haas filed her appeal, so 'the court is not required to consider the offender's reasonable ability to pay.'" (quoting *Albright*, 925 N.W.2d at 161)). The order required the reasonable-ability-to-pay analysis be completed when the restitution plan of payment was ordered. We affirm the restitution part of the sentencing order.

**D. Consecutive sentences.** Komeh asserts the district court abused its discretion in imposing consecutive sentences. He reasons that because his sentences were enhanced due to a habitual offender finding and because his

actions "were of a single nature," his sentences should have been concurrent instead of consecutive.

"[O]ur task on appeal is not to second guess the [sentencing] decision made by the district court, but to determine if it was unreasonable or based on untenable grounds."[3] *Seats*, 865 N.W.2d at 553 (citation omitted). "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

When deciding whether to run Komeh's sentences concurrent to or consecutive to each other, the court discussed several considerations. The court noted Komeh's criminal history and that each time he had been on parole, it was revoked and Komeh had to discharge his sentence. The court explained, "[T]he defendant does not get to commit two very serious offenses and have the court just say they blend and you should only be punished for one." The court noted Komeh's convictions related to two separate victims, one of whom had life-threatening injuries. The court also cited Komeh's history of gun-involved and violent offenses and observed his prior sentences did not appear to have rehabilitated him or deterred him from criminal acts. The court then ordered Komeh's sentences run consecutive to each other.

We do not find the court's reasoning to be unreasonable or based on untenable grounds. The district court did not abuse its discretion in sentencing Komeh to consecutive terms.

**AFFIRMED.**

---

[3] Komeh does not cite any impermissible factors alleged to be considered or untenable grounds for the sentence.