# IN THE COURT OF APPEALS OF IOWA

No. 19-1570
Filed October 7, 2020

**MARCUS DESHAWN GAMBLIN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

　　Marcus Gamblin appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

　　Britt Gagne of Gagne Law Office, Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

　　Considered by Bower, C.J., and May and Ahlers, JJ.

**MAY, Judge.**

Marcus Gamblin appeals the dismissal of his application for postconviction relief (PCR).  We affirm.

### I. Background

A gunman with a ski mask demanded money from the manager of a Waterloo store.  The manager declined.  The gunman left.  The manager followed.  He saw the gunman meet another man.  And he saw them flee in a car.

Soon, emergency dispatch notified police officers of the robbery attempt.  Soon after, an officer spotted a black Monte Carlo near the store.  Another officer detained the car.  Its owner, Medeese Jenkins, was driving.  Willie Phillips was in the front passenger seat.  Gamblin was in the back seat.

Gamblin made furtive movements.  Officers removed him from the car.  There was one handgun in Gamblin's pants.  There were two black ski masks in the car.  And there was a bag of cocaine on the left rear passenger floorboard.  Gamblin told police it was his and he intended to sell it.

Police obtained shoeprints at the scene.  Some matched the shoes worn by Gamblin.

The State brought four charges against Gamblin: first-degree robbery, possession of a firearm as a felon, possession of cocaine with intent to deliver, and possession of a controlled substance.  Gamblin pled guilty to the possession-of-a-controlled-substance charge.  He went to trial on the other three charges.  The firearm charge was tried to the bench.  The two other charges—first-degree robbery and possession-with-intent-to-deliver—were tried to a jury.

Phillips—who is Gamblin's cousin—testified (1) he drove Gamblin to the store; (2) he watched Gamblin go in with a ski mask; (3) he saw Gamblin leave the store; (4) Gamblin told Phillips he didn't get anything; and (5) they left in a Monte Carlo. Phillips also testified he had reached a deal with the State: "I disclose what I know and I receive ten years." He went on to explain that (1) he was originally charged with first-degree robbery; (2) the sentence for first-degree robbery is twenty-five years with a seventeen-and-a-half-year mandatory minimum— meaning he would have to serve seventeen and one-half years before being eligible for parole; (3) by cooperating, he got to plead to a lesser charge that carries only a ten-year sentence and no mandatory minimum; and (4) as a practical matter, he will only serve eighteen months.

The jury found Gamblin guilty of first-degree robbery and possession of cocaine with intent to deliver. The trial court found him guilty of possession of a firearm as a felon. On direct appeal, this court affirmed. *State v. Gamblin*, No. 13-0603, 2014 WL 3747723, at *4 (Iowa Ct. App. July 30, 2014).

Gamblin then brought this PCR action. In a detailed ruling, the PCR court rejected all of his claims. Gamblin appeals.

**II. Scope and Standard of Review**

"We review claims of ineffective assistance of counsel de novo." *King v. State*, 797 N.W.2d 565, 570 (Iowa 2011). "In conducting our de novo review, 'we give weight to the lower court's findings concerning witness credibility.'" *Id.* at 571 (citation omitted).

"To establish [a] claim of ineffective assistance of counsel," the claimant must show their "trial counsel failed to perform an essential duty and counsel's

failure resulted in constitutional prejudice." *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). "The claimant must prove both elements by a preponderance of the evidence." *State v. Madsen*, 813 N.W.2d 714, 724 (Iowa 2012).

To establish breach of an essential duty, the claimant must prove counsel "perform[ed] below the standard demanded of a reasonably competent attorney." *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019) (citation omitted). "In analyzing the [claimant]'s claims, we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" *Id.* (citation omitted). So the claimant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (citation omitted).

"To establish constitutional prejudice, the defendant is required to show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Walker*, 935 N.W.2d at 881 (citation omitted). "It is not enough for the defendant to show that the errors had [only] some . . . effect on the outcome of the proceeding." *Id.* (alteration and omission in original) (citation omitted). "Rather, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (alteration in original) (citation omitted).

When the applicant fails to show constitutional prejudice, it is not necessary for the court to decide whether counsel breached a duty. *See id.*; *King*, 797 N.W.2d at 574 ("In this case, however, it is not necessary to decide the issue of whether King's counsel provided inadequate assistance because, upon our review of the

entire record, we conclude that King has failed to show prejudice as required under the *Strickland*[1] test.").

### III. Analysis

On appeal, Gamblin claims his trial counsel was ineffective in (1) permitting the jury to learn of the potential prison sentence for first-degree robbery and (2) failing to object to a jury instruction that included a typographical error. We address each claim in turn.

### A. Potential punishment.

As explained, Phillips testified he was also charged with first-degree robbery. And Phillips told the jury the sentence for first-degree robbery is twenty-five years with a seventeen-and-a-half-year mandatory minimum. But, because he cooperated, he only faces an indeterminate term not to exceed ten years with no mandatory minimum. As a practical matter, Phillips explained, he will be out in eighteen months.

Gamblin claims his counsel was ineffective in (1) failing to object when the State asked Phillips about the terms of his deal and (2) actually questioning Phillips about the specific punishment for first-degree robbery. This last point, Gamblin claims, caused substantial prejudice because "the jury heard [that] if they convicted Gamblin of the offense he was charged with[,] he would be serving a mandatory [seventeen and one-half] years in prison."

We disagree. Like the PCR court, we think trial counsel's "decision to place into evidence the mandatory punishment for first-degree robbery was a reasonable

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

trial strategy decision in an attempt to impeach the testimony of Phillips." So we do not think counsel breached an essential duty.

Nor do we think counsel's tactic prejudiced Gamblin. Indeed, as the State suggests, many defendants would prefer for the jury to know the serious consequences of a first-degree robbery conviction.

The PCR court was right to reject Gamblin's claim regarding punishment evidence.

### B. Jury instruction two.

Gamblin also claims his counsel erred in failing to object to instruction two, which stated:

Instruction No. 2

The Defendant has been charged with two counts. This is just a method for bringing each of the charges to trial. If you find the Defendant guilty or not guilty on any one of the four counts, you are not to conclude the Defendant is guilty or not guilty on the other(s). You must determine whether the Defendant is guilty or not guilty separately on each count.

two

Gamblin focuses on instruction two's mistaken—and corrected—reference to "four counts" against him. Gamblin claims that—especially in light of the testimony about Phillip's "deal" with the State—instruction two makes it seem like Gamblin had originally been charged with two additional crimes[2] that had not been explained to the jury. And, Gamblin argues,

> [b]elieving that the defendant is actually accused of additional crimes beyond what he is facing at trial could significantly alter a [jury's] view of the case at hand and lead them to inappropriately believe that the defendant is more likely to be guilty because of the sheer number of allegations made regarding criminal activity.

---

[2] Gamblin was also charged with possession of a firearm as a felon. It was tried to the bench. Also, he pled guilty to a possession-of-a-controlled-substance charge.

Although we see Gamblin's point, we still do not think he has shown *Strickland* prejudice. The evidence against Gamblin was overwhelming. As for the cocaine, Gamblin admitted it was his and he intended to distribute it. As for the robbery, Gamblin was apprehended soon after it occurred. There were ski masks in the car with Gamblin. Gamblin had a gun in his pants. Gamblin's gun had markings similar to those used in the robbery.[3] Gamblin's shoe markings matched some found at the scene of the robbery. And Gamblin's own cousin detailed Gamblin's role in the robbery. Given the strength of the State's case against Gamblin, we see no "reasonable probability that, but for" the scrivener's error in instruction two, "the result of the proceeding would have been different." *Walker*, 935 N.W.2d at 881 (citation omitted). And so the district court was right to reject Gamblin's claim concerning instruction two.

### IV. Conclusion

The district court was right to dismiss Gamblin's PCR application.

**AFFIRMED.**

---

[3] The store manager testified the gun was "short, black" and appeared to have some "paint removed." Pictures of the gun found in Gamblin's pants show it was short and black. Officer testimony confirmed the gun was "[s]crapped and scratched, looks like some of the paint or coating is peeling."