# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-0665
Filed February 11, 2026

———————————

**Marlon Derell Harris Jr.,**
Applicant–Appellant,
v.
**State of Iowa,**
Defendant–Appellee.

———————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Linda M. Fangman, Judge.

———————————

**AFFIRMED**

———————————

Jessica A. Millage of Flanagan Law Group, PLLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks,
Assistant Attorney General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., Sandy, J., and Mullins, S.J.
Opinion by Mullins, S.J.

1

**MULLINS, Senior Judge.**

Following a bench trial in 2017, the court found Marlon Harris Jr. guilty of first-degree robbery—among other charges—for flashing a firearm inside a Waterloo liquor store, assaulting the cashier, walking out with merchandise, and later stealing a pickup. Harris testified that he had been hospitalized for a drug and alcohol overdose earlier that day and that he had consumed even more liquor in the hours before his crime spree. But the trial court rejected Harris's intoxication defense, finding proof beyond reasonable doubt that he had acted with the specific intent required to commit first-degree robbery. We affirmed the conviction on direct appeal. *See State v. Harris*, No. 18-0323, 2019 WL 6358299, at *2 (Iowa Ct. App. Nov. 27, 2019).

In 2020, Harris filed an application for postconviction relief, which he later amended with the help of a lawyer. In addition to several now-abandoned claims, Harris's amended application alleged that he was denied effective assistance of counsel when his trial attorney "[f]ailed to call multiple witnesses who could prove there was no intent to commit robbery." The district court denied relief, and Harris appealed. Revamping his argument, he now asks us to vacate his robbery conviction due to counsel's failure to "fully investigate" an intoxication defense.[1] Harris specifically contends that trial counsel breached a duty by failing to retain an expert witness and by failing to obtain medical records from his hospitalization on the date of the offense.

---

[1] Throughout his criminal and postconviction proceedings, Harris has variously described his unsuccessful theory as an "intoxication defense," a "diminished capacity" defense, and "a diminished responsibility defense due to his intoxication." To the extent Harris considers these defenses distinct, it makes no difference for our disposition today.

We question whether these claims are properly before us. Neither of the performance issues Harris now challenges were alleged in his amended application, and they were hardly addressed at the postconviction-relief hearing. In a single remark during the day-long proceeding, Harris faulted trial counsel for failing to arrange an expert evaluation to support his intoxication defense. The district court responded to that allegation in its written ruling, noting there was "no indication that an expert . . . would have been at all helpful." It made no finding whatsoever with regard to Harris's medical records. We usually do not consider issues that were not raised and decided in the district court. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). However, the State does not contest error preservation in this appeal. So, we set that question aside and proceed to the merits of Harris's claims.

When postconviction-relief proceedings involve constitutional questions, our review is de novo. *Sothman v. State*, 967 N.W.2d 521, 522 (Iowa 2021). To prevail on a claim of ineffective assistance, an applicant must show that counsel "failed to perform an essential duty" and that this failure "resulted in prejudice." *Id*. (cleaned up). We must affirm the denial of relief if either element is lacking, and so we may approach them in either order. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (en banc) ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.").

Given the limited record before us, we choose to resolve Harris's claims under the prejudice prong. To satisfy that requirement, Harris had to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019) (citation omitted). In other words, it was

Harris's burden to prove that the trial court probably "would have had a reasonable doubt" about his guilt after considering the expert testimony and medical records at issue. *Id.* (citation omitted).

Despite his allegation that trial counsel declined to pursue key evidence, Harris failed at the postconviction-relief hearing to present proof that any such evidence exists. With respect to an expert witness, Harris offered no proof that a qualified witness has ever opined he was too intoxicated to form specific intent. Lay speculation about what an expert might conclude is not enough to show prejudice. *See Cox v. State*, 554 N.W.2d 712, 715 (Iowa Ct. App. 1996) (rejecting an ineffective-assistance claim based on counsel's failure to introduce rebutting testimony where the applicant "presented no independent evidence to establish a contrary expert opinion would exist"). Likewise, Harris did not introduce his medical records or even testify to what they would show. So we have no way of knowing how they might have impacted his case.[2] *See Anderson v. State*, No. 24-1106, 2025 WL 2658809, at *4 (Iowa Ct. App. Sept. 17, 2025) (finding an applicant who claimed counsel failed to investigate crime-scene footage could not show prejudice where he "did not present a video or proof that a video even existed" at the postconviction-relief trial).

The fact of Harris's intoxication was unrebutted at trial. Eyewitnesses from the liquor store agreed that Harris had obviously been drinking. Still,

---

[2] The record suggests defense counsel filed the medical records as proposed exhibits in the lead-up to Harris's criminal trial. However, they were never admitted. Citing the proposed exhibits, the State describes the contents of those documents in its appellate brief and argues they would not have benefited Harris's defense. But proposed exhibits are not part of our record on appeal. *See* Iowa R. App. P. 6.801. References to their contents are improper, and we do not consider them. *See Hill v. State*, No. 22-0653, 2023 WL 2397369, at *3 n.3 (Iowa Ct. App. Mar. 8, 2023).

the trial court found that Harris was sober enough to form the specific intent required for first-degree robbery—a conclusion supported in part by his self-professed recollection of what happened in store. In this postconviction proceeding, Harris has failed to present proof of the existence of any evidence that he complains trial counsel failed to investigate or present in support of his intoxication defense. Consequently, he has not carried his burden to show a reasonable probability that, but for counsel's alleged failure, he would have been acquitted on his robbery charge. We therefore affirm the denial of postconviction relief.

**AFFIRMED.**