# IN THE COURT OF APPEALS OF IOWA

-------------------

No. 25-0469
Filed May 13, 2026

-------------------

**Brenton Mitchel Huntley,**
Applicant–Appellant,
v.
**State of Iowa,**
Respondent–Appellee.

-------------------

Appeal from the Iowa District Court for Emmet County,
The Honorable Shayne Mayer, Judge.

-------------------

**AFFIRMED**

-------------------

Pamela Wingert of Wingert Law Office, Spirit Lake, attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, attorneys for appellee.

-------------------

Considered without oral argument
by Greer, P.J., Schumacher, J., and Doyle, S.J. Sandy, J., takes no part.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Brenton Huntley appeals the denial of his application for postconviction relief (PCR). Huntley argues his counsel in the underlying criminal trial was ineffective in failing to secure an impartial jury and, as a result, he was prejudiced. As Huntley frames it, his trial counsel did not "challenge the ability of the panel to produce a fair and impartial jury after a potential juror called for . . . Huntley's castration because of a sex offense charge," nor did trial counsel request a curative instruction. That potential juror was struck for cause. Huntley also claims counsel failed to strike one of his relatives, with whom he had a complicated relationship, who served on the jury. The State argues that the potential juror struck for cause made the comment away from the panel during individual questioning, and the related juror was not biased. Because there was no evidence the jury pool was prejudiced by the potential juror's remarks, and trial counsel testified that Huntley did not oppose having the related juror on the jury, Huntley cannot show prejudice to prove ineffective assistance of counsel. We affirm.

## I. Background Facts and Proceedings.

Huntley was charged with and convicted of domestic abuse assault—strangulation causing bodily injury, willful injury causing bodily injury, assault with intent to commit sexual abuse resulting in bodily injury, and first-degree harassment. Huntley appealed his conviction, and a panel of this court affirmed. *State v. Huntley*, No. 21-1244, 2022 WL 17481315, at *1 (Iowa Ct. App. Dec. 7, 2022). Procedendo issued on January 30, 2023. In June, he filed his pro se PCR application. After Huntley was appointed counsel, he filed an amended application in April 2024. The State denied all allegations.

At the PCR trial, Huntley, his trial attorney, and the related juror testified about the voir dire process. The trial was held when COVID-19

2

protocols were in effect, so jury selection took place in a school auditorium, and the jurors were distanced six feet apart. Jury selection was not reported. Huntley's trial attorney remarked that the setting made reporting voir dire more complicated, and she decided that reporting was unnecessary because she did not foresee "making any challenges based on race or some other impermissible factors."

Because jury selection took place in a school auditorium and a separate room was not available, potential jurors were questioned individually behind a stage curtain. One potential juror was questioned in the individual area and voiced loud opinions against perpetrators of domestic assault and sexual abuse. Huntley alleged that the potential juror threatened him and said he should be castrated. The trial attorney was concerned that other potential jurors may have heard the comments and that this had "taint[ed] . . . the rest of the panel." There were court personnel on the other side of the curtain with the rest of the potential jurors, and the trial attorney did not recall anyone reporting that they could hear anything from the individual sessions. That potential juror was struck for cause and left the building.

The related juror, who sat in the row closest to the curtain, testified that he did not hear any threats made to Huntley, including the threat that he should be castrated. This juror was Huntley's mother's cousin's husband. At the PCR trial, Huntley alleged the two had a troubled relationship and that the related juror had previously threatened to use his position in law enforcement—a county conservation director—against Huntley. The related juror testified that none of the troubled history had occurred.

The trial attorney testified that she could have "be[en] persuaded either way" about letting the relative serve on the jury. The trial attorney had some discomfort with the relative serving on the jury because he had a

3

"law enforcement position." But his answers during voir dire made her "believe that he could be fair in the abstract." She testified, "Huntley believed that this juror might actually bring some things into the jury deliberations that would be to . . . Huntley's benefit." She said that Huntley did not ask her to strike the related juror. Ultimately, the related juror served on the jury.

In March 2025, the PCR court denied Huntley's application in its entirety. Huntley appeals.

## II.  Standard of Review.

"We review claims of ineffective assistance of counsel de novo." *King v. State*, 797 N.W.2d 565, 570 (Iowa 2011). "In conducting our de novo review, we give weight to the lower court's findings concerning witness credibility." *Id.* at 571 (cleaned up).

## III.  Analysis.

A person claiming ineffective assistance of counsel must prove (1) breach of an essential duty and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The failure to prove either element defeats the defendant's claim." *Smith v. State*, 7 N.W.3d 723, 726 (Iowa 2024).

To prove the first prong, failure to perform an essential duty, Huntley must show that counsel "perform[ed] below the standard demanded of a reasonably competent attorney." *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019) (citation omitted). We strongly presume "that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citation omitted).

4

Under the second prong, Huntley must establish prejudice by "showing that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Huntley must demonstrate by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

On appeal, Huntley has abandoned all claims except for two claims of ineffective assistance of counsel relating to the above-referenced juror issues. Both of Huntley's claims fail for lack of prejudice; we address them separately.

**A. Failure to Challenge the Panel.** Huntley argues ineffective assistance of counsel because his trial counsel "failed to challenge the ability of the panel to produce a fair and impartial jury after a potential juror called for . . . Huntley's castration because of a sex offense charge." Though voir dire was not reported, it is undisputed that the potential juror made an outburst against Huntley. Yet, Huntley cannot show, nor does the record indicate, that any of the other potential jurors, including those who eventually served on the jury, heard the outburst from behind the curtain. Huntley's trial attorney, who had years of experience defending criminal actions, acknowledged that the statements were loud but that none of the court staff, who were located with the rest of the potential jurors, reported hearing anything. Additionally, a juror who was seated close to the area where the individual meetings occurred testified that he did not hear anyone threaten Huntley. On this record, Huntley has not shown that the rest of the jurors heard the outburst or were tainted in some way. Huntley has failed to prove prejudice. Thus, we affirm the district court's denial of this claim.

**B. Failure to Strike a Relative.** Huntley makes an additional argument regarding trial counsel's failure to strike one of his relatives who served on the jury despite an alleged "troubled family history." Huntley testified that the relative was his mother's cousin's husband who had threatened Huntley and could use his position of authority to manipulate the police to get Huntley or those he cared about in trouble. But the related juror's and Huntley's trial attorney's testimonies counter Huntley's allegations.

The related juror testified at the PCR trial that none of the events that Huntley claimed caused the alleged bias ever occurred. He additionally testified that he was able to serve impartially as a juror. The trial attorney's testimony at the PCR trial supported that conclusion because Huntley told her that he thought the related juror would be beneficial for him on the jury. Trial counsel indicated she had a good rapport with Huntley. Likewise, trial counsel stated that "if [the] client has a preference as to who to strike, [trial counsel] will talk with them about the pros and cons going along with that," and if the client has "a strong feeling that . . . they want to strike someone," trial counsel would "defer to what they want." The PCR court found Huntley's trial attorney's testimony credible. Further, the PCR court explained that though Huntley testified that he told his trial attorney "that he did not want [the related juror] on the jury because of his personal relationship and law enforcement background, [his trial attorney's] explanation that Huntley presumed [the related juror] would be a helpful addition to deliberation seems the more logical conclusion." Failing to show any *Strickland* prejudice, Huntley has failed to prove prejudice from the related juror serving on the jury. *See Smith*, 7 N.W.3d at 730–31 (noting that prejudice can only be shown where a person "actually biased" against the

6

defendant sat as a juror). For that reason, we affirm the district court's dismissal of this claim.

**IV. Conclusion.**

Because Huntley has failed to prove prejudice, his ineffective-assistance-of-counsel claims fail. Thus, we affirm.

**AFFIRMED.**