**IN THE COURT OF APPEALS OF IOWA**

No. 22-0184
Filed April 26, 2023

**RODNEY FITZGERALD JACKSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott,

Judge.


    Rodney Jackson appeals the summary disposition of his application for

postconviction relief.  **AFFIRMED.**



    Nicholas Einwalter, Des Moines, for appellant.

    Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney

General, for appellee State.



    Considered by Tabor, P.J., Chicchelly, J., and Gamble, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**GAMBLE, Senior Judge.**

Rodney Jackson appeals the summary disposition of his application for postconviction relief (PCR), which alleged he received ineffective assistance of counsel when he pleaded guilty to assault on a healthcare worker.

We review summary dismissals of PCR applications for legal error. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). When completing our review of summary dismissals of PCR actions, we apply our summary judgment standards. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). "We view the record in the light most favorable to the nonmoving party" and "draw all legitimate inferences from the record in favor of the nonmoving party." *Id.* Summary dismissal is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

To establish an ineffective-assistance-of-counsel claim, an applicant "must demonstrate '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (citation omitted). The applicant must be able to establish both prongs to be successful. *See State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019).

On appeal, Jackson contends the PCR court erred because "there were several genuine issues of material fact [that] would preclude" granting summary judgment. Specifically, he complains that his counsel failed to fully explain the elements of the offense or explore his purported intoxication as a potential defense. The PCR court agreed, stating,

> [T]here does appear to be material issues of fact as to whether or not
> the affirmative defense of intoxication was discussed between the
> applicant and [counsel] as well as the level of intoxication of the

applicant at the time of the alleged offense and whether or not [counsel] explained the elements of the offense.

So both Jackson and the PCR court agree there are questions of material fact with respect to the first prong of ineffective assistance. But Jackson incorrectly stops his argument here and does not address the second prong, prejudice.

The PCR court continued its analysis to consider prejudice. It explained, Jackson "must also show that there are material questions of fact as to whether or not [he] was prejudiced as a result of the alleged ineffective assistance of counsel provided to him." This is where Jackson has not established a question of material fact. An applicant who pleaded guilty to their underlying conviction can only establish the prejudice prong by establishing a reasonable probability that, but for counsel's errors, they would not have pleaded guilty and instead would have elected to go to trial. *Sothman v. State*, 967 N.W.2d 512, 523 (Iowa 2021). This requirement cannot be satisfied by an applicant's conclusory after-the-fact statement that they would have gone to trial but for counsel's deficient performance. *See Doss v. State*, 961 N.W.2d 701, 714 (Iowa 2021); *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002); *see also Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."). The PCR court correctly found Jackson did not generate a fact question as to prejudice because he provided nothing other than a conclusory and self-serving statement that he would have elected to go to trial.[1]

---

[1] Jackson's appellate brief does not expressly challenge the PCR court's determination that there is no disputed evidence as to the prejudice prong.

Without anything to create a material fact question as to whether Jackson suffered any prejudice, i.e. whether he would have refused the plea agreement and instead gone to trial, Jackson could not establish one of the necessary elements of his ineffective-assistance claim and the PCR court correctly granted the State's motion for summary judgment.

**AFFIRMED.**